IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONYA CHRISTIAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:19-cv-00133 ) |
| SHONDA REYNOLDS-CHRISTIAN et al., | ) JUDGE RICHARDSON ) ) |
| Defendants. | ) ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Tonya Christian, proceeding *pro se*, has filed a Complaint for Violation of Civil Rights. (Doc. No. 1.) Because Plaintiff proceeds *in forma pauperis*, the complaint is before the Court for an initial review.

**I.     Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II.   Factual Allegations

Plaintiff claims that the numerous defendants, acting in concert, have deprived her of the right to direct the upbringing of her son, her First Amendment rights to free speech, and other unspecified rights under the Fourth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 2, 8.) Plaintiff alleges that the events giving rise to her claims occurred in March 2016, when a Department of Children's Services ("DCS") employee came to her home and searched it based "on allegations," in April 2016 when two DCS workers came to her home and removed her son. (*Id.* at 8.) There were apparently court proceedings in April 2016 as well. After her son was taken, Plaintiff lost her apartment, because Defendants Wade and Febles had called the police to help them apprehend her son after he ran through the bushes in front of the apartments, thus violating Plaintiff's lease.

The respective factual allegations against each individual defendant are as follows:

Defendants Shonda Reynolds-Christian ("FCIP Team Leader") and Kirsten Cromie are Davidson County DCS employees but "appear on [her] son's perm[anent] plan." (Doc. No. 1, at 9.)

2

Judge Donna Davenport stated in open court at a juvenile court hearing on April 24 [of 2016, apparently] that Plaintiff had no rights and needed to tell the court her address, place of work, and phone number. (*Id.*)

Defendant Chelsea Wade, a DCS employee, visited Plaintiff's home three times on "allegations," closed the case without making any findings, and then returned in April 2016 with defendant Caitlyn Febles for a routine visit, but removed Plaintiff's son from her home at that time based on untrue statements. (*Id.*)

Elizabeth Brown (DCS Worker) testified at the hearing in April 2016, thus participating in the removal of Plaintiff's son from her care. (*Id.*)

Amani Loggins (DSC Worker) was "placed on the case with no knowledge of anything" and attempted to make Plaintiff follow the parenting plan. (*Id.* at 10.)

Dustin Faeder, the child's first guardian ad litem, made false statements in court and defamed Plaintiff. (*Id.*)

Brandon Booten, Plaintiff's son's attorney, has not been involved in "over a year," thus "holding up the process because he will not respond." (*Id.*)

CASA workers Arlene Middaugh and Kassie Davis also appeared in court in April 2016 and "keep adding on to per plan every time what [they are] asking is completed." (*Id.*)

Carl Moore, the second guardian ad litem, is "working with CASA" to keep Plaintiff's son from returning to her home and defaming her character. (*Id.*)

Regarding GanKoya Leaman, foster care counselor, DCS, plaintiff states only: "performing drug test." (*Id.* at 11.)

Alyssa [last name unknown], Family Counselor, works at Youth Villages. Plaintiff does not explain how Alyssa has violated her rights. (*Id.*)

Plaintiff also identifies as defendants Shannon Romans, DCS Team Leader, and Kiara Davis, DCS Worker (*id.* at 6), but she does not identify any actions taken by them.

Plaintiff further alleges, "[t]o sum it all up," that she and her son completed every step asked of them in 2017, but no one can explain why her son is still in state custody. (*Id.* at 11.) For relief, she just "want[s] her son back." (*Id.* at 12.) In addition, however, she wants "everyone involved to pay for the trauma" they have caused Plaintiff and her family and reimbursement of the child support she has paid to the state. (*Id.*)

**III.    Discussion**

Plaintiff asserts claims for violations of her civil rights under 42 U.S.C. § 1983. In order to state a claim under § 1983 for which relief may be granted, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). A defendant will be considered a state actor for the purposes of § 1983 only if the conduct that allegedly gave rise to the deprivation of a plaintiff's constitutional rights may be "fairly attributable to the state." *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (citing *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982)). Whether defendants are state actors is a question of law for the Court. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

Even where that standard is met, however, certain state actors are absolutely immune from suit. Specifically, state court judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)). The passage of 42 U.S.C. § 1983 did not change this long-standing principle. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Importantly, "[t]his

4

immunity . . . is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 554 (internal quotation marks omitted). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226–27, (1988); *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 648–49 (6th Cir. 2014).

Judicial immunity may be overcome only in two circumstances: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (internal citations omitted). Plaintiff complains about actions taken by Juvenile Court Judge Donna Davenport in court, in connection with judicial custody proceedings. Plaintiff does not allege facts suggesting that the judge acted outside her judicial capacity or without jurisdiction. Thus, Davenport is absolutely immune from suit for damages.

Although the judge would not necessarily be immune from suit for prospective injunctive relief, *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), the type of prospective relief Plaintiff seeks—reversal of a judicial order—effectively seeks to appeal a state court ruling in this Court. That type of relief is barred by the *Rooker–Feldman* doctrine,[1] which requires dismissal of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

---

[1] The doctrine's name is derived from the Supreme Court's rulings in *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In short, the claims against Judge Davenport will be dismissed on the grounds of judicial immunity and, to the extent Plaintiff seeks review of any judicial decisions rendered by Judge Davenport, on the basis of the *Rooker-Feldman* doctrine.

Another form of absolute immunity is that accorded to testifying witnesses. As a general principle, the United States Supreme Court has expressly ruled that § 1983 does not authorize a plaintiff to assert a claim against a government official for damages for giving false testimony as a witness at a trial or court hearing. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (holding that police officer who gave perjured testimony at trial was absolutely immune from money damages suit under Section 1983). As the Sixth Circuit has further explained, a government witness is entitled to testimonial immunity against a § 1983 action, "no matter how egregious or perjurious that testimony was alleged to have been." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (citing *Spurlock v. Satterfield*, 157 F.3d 995, 1001 (6th Cir. 1999)). The underlying rationale of this absolute immunity doctrine is that the government official functions as an ordinary witness subject to the adversary process inherent in a trial and is thus a testifying witness. *Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003). Even if the defendants are not state actors, they are immune for testifying in a court proceeding, as testifying witnesses have long been accorded absolute immunity under the common law, particularly with respect to defamation claims. *See Doe v. Boland*, 630 F.3d 491, 499 (6th Cir. 2011) (citing *Briscoe*, 460 U.S. at 329–30; *Burns v. Reed*, 500 U.S. 478, 501 (1991) (Scalia, J., concurring in the judgment and dissenting in part)).

Plaintiff brings claims against Elizabeth Brown (with DCS), Arlene Middaugh (CASA worker) and Kassie Davis (DCS Worker) based upon their testifying at custody hearings in the Juvenile Court in April 2016, at which time they would have been subject to adversarial cross-

6

examination. The claims against these defendants based on their being testifying witnesses at a court hearing must be dismissed.

Next, the Sixth Circuit has expressly recognized that, although there are significant links between an appointed guardian or attorney ad litem and the government, when a guardian reports to the court as an independent investigator, or acts as an advocate for the child, he is not a state actor for purposes of § 1983. *Reguli v. Guffee*, 371 F. App'x 590, 601 (6th Cir. 2010) (citing *Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003)); *see also Holley v. Deal*, 948 F. Supp. 711, 715–16 (M.D. Tenn. 1996) ("Because a guardian ad litem owes his undivided loyalty to the minor whose interests he represents, courts have reasoned that guardians ad litem, like public defenders, do not act under color of state law in fulfilling their official duties." (citation omitted)). Plaintiff does not allege any facts suggesting that the state exerted power over the judgment exercised by Plaintiff's minor child's two guardians ad litem. Thus, because they are not state actors, Dustin Faeder and Carl Moore are not subject to liability under Section 1983.

The law is also clear that private attorneys are not state actors subject to suit under 42 U.S.C. § 1983, absent allegations that they acted in concert with state officials. *Baker v. Smith*, 72 F. App'x 339, 341 (6th Cir. 2003) (citations omitted). The claims against Brandon Booten must be dismissed on that basis.

Employees of the Tennessee Department of Children's Services clearly qualify as state actors, but, to state a claim under § 1983, Plaintiff must also allege facts showing that each individual state-actor defendant violated her constitutional rights. Plaintiff asserts that DCS employees Shonda Reynolds-Christian and Kirsten Cromie "appear on [her] son's perm[anent] plan." (Doc. No. 1, at 9.) She alleges that DCS employee Amani Loggins was "placed on the case with no knowledge of anything" and attempted to make Plaintiff follow the parenting plan. DCS

employee GanKoya Leaman performed a drug test, presumably also in accordance with the parenting plan. (*Id.* at 11.) Plaintiff does not state how these actions violated her constitutional rights. The Court finds that the complaint, even construed broadly in the light most favorable to Plaintiff, fails to state colorable claims against these defendants under § 1983.

Similarly, the complaint does not contain any factual allegations indicating what actions Alyssa [last name unknown], took. Even assuming without deciding that, as a counselor at Youth Villages, Alyssa might qualify as a state actor, Plaintiff has not stated a colorable claim against this defendant. The complaint contains no factual allegations concerning defendants Shannon Romans and Kiara Davis, other than to state that they are DCS employees, and therefore fails to state a claim against these defendants as well.

Finally, Plaintiff alleges that Defendants Chelsea Wade and Caitlyn Febles, DSC employees, removed Plaintiff's son from her home based on untrue statements (Doc. No. 1, at 9), and that Arlene Middaugh and Kassie Davis "keep adding on to perm plan every time what [they are] asking is completed," (*id.* at 10). It is not entirely clear whether individuals working for CASA are state actors subject to liability under § 1983. In addition, it is highly likely that the claims against Wade and Febles are barred by the one-year statute of limitations applicable to § 1983 claims in Tennessee[2] and that the claims against all four of these defendants may be subject to dismissal on the grounds of witness immunity (discussed above) or quasi-judicial immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000); *see also Rippy ex rel. Rippy v. Hattaway*,

---

[2] Tennessee law provides for a one-year limitations period for § 1983 actions. Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

8

270 F.3d 416, 422 (6th Cir. 2001) (noting that "social workers . . . are entitled to absolute immunity while functioning in roles intimately associated with the judicial phase of proceedings"). The Sixth Circuit has held that "an official is entitled to absolute quasi-judicial immunity when that official acts pursuant to a valid court order because the act of 'enforcing or executing a court order is intrinsically associated with a judicial proceeding.'" *Bush v. Rausch*, 38 F.3d 842, 847 (6th Cir. 1994). This is because "officials must be permitted to rely upon a judge's findings and determinations to preserve the integrity of the court's authority and ability to function." *Id.* Thus, to the extent the defendants were functioning pursuant to a court order, they will likely be immune.

On the other hand, to the extent Plaintiff has alleged that these individuals engaged in conduct that exceeded the scope of a judicial order, she appears to state a colorable claim under § 1983. *See Cooper*, 203 F.3d at 948. Because Plaintiff's allegations, broadly construed, suggest that defendants Wade, Febles, Middaugh and Davis acted outside the scope of a judicial order and abused their discretion in removing the minor child from Plaintiff's custody and in continuing to impose insurmountable obstacles to her ability to regain custody, potentially in violation of the plaintiff's right to due process, the Court will allow these claims against these defendants to proceed beyond this initial review.

**IV.     Conclusion**

For the reasons set forth herein, the claims against defendants Wade, Febles, Middaugh and Davis will proceed. The claims against all other defendants, including Shonda Reynolds-Christian, Kirsten Cromie, Judge Donna Davenport, Elizabeth Brown, Amani Loggins, Dustin Faeder, Brandon Booten, Carl Moore, GanKoya Leaman, Alyssa [last name unknown], Shannon Romans, and Kiara Davis, will be dismissed.

An appropriate order will be entered.

                                                                          _Eli Richardson_
                                                                          ELI RICHARDSON
                                                                          UNITED STATES DISTRICT JUDGE