IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONYA CHRISTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00133 |
| ) | Judge Richardson/Frensley |
| SHONDA REYNOLDS-CHRISTIAN, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

Tonya Christian, proceeding pro se, brought this action under 42 U.S.C. § 1983, alleging that various individuals violated her civil rights, specifically, "[t]he right to direct the upbringing of my son or to care for him," and "my freedom of speech." Docket No. 1, p. 3. She further alleges that "[e]ach of the defendants used their state appointed titles to violate several of my civil rights: 1st, 4th, 6th, 7th, 8th, 9th, [and] 14th." *Id.* at 8. The events leading to this action allegedly relate to the removal of Ms. Christian's son from her home and custody following an altercation at his school involving the school principal. *Id.* at 14-17. Ms. Christian asserts that in March 2016, a DCS worker came to her home and searched it based on "allegations," and in April 2016, DCS workers came to her home and removed her son. *Id.* at 8. Ms. Christian named a total of fifteen individual Defendants, including a juvenile court judge and various workers with the Tennessee Department of Children's Services ("DCS"). *Id.* at 2-7. Arlene Middaugh and Kassie Davis, workers with Court Appointed Special Advocates of Rutherford County ("CASA"), are two of the Defendants named in the suit. *Id.* at 10. Ms. Christian alleges that they appeared in court in April

2016 and "keep adding on to [the] perm plan every time what their [*sic*] asking for is completed against my will." *Id.* This matter is now before the Court upon a Motion to Dismiss filed by Ms. Middaugh, Ms. Davis, and CASA ("Defendants").[1] Docket No. 10. They have also filed a Supporting Memorandum of Law. Docket No. 11. Ms. Christian has filed a Response in Opposition. Docket No. 13. For the reasons set forth below, the Court recommends that Defendants' Motion be GRANTED.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences

---

[1] CASA is not named as a defendant in this lawsuit; however, "[i]n an effort to not waive any potential defenses that may arise from a liberal interpretation of the *pro se* Complaint" counsel for the two CASA workers has appeared on behalf of CASA as well as the workers, and includes CASA in the arguments made in their Motion to Dismiss. *See* Docket No. 11, p.1, n.1.

therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

B. <u>**Ms. Christian's Claims Against These Defendants Under 42 U.S.C. § 1983**</u>

Mr. Christian alleges violations of her First, Fourth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, in order to state a claim under § 1983, a plaintiff must: 1) allege the violation of a right secured by the Constitution and laws of the United States, and 2) show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981) (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, *quoting United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).

Here, the entirety of Ms. Christian's allegations against these Defendants is that they appeared in court in April 2016 and "keep adding onto [the] perm plan every time what their [*sic*]

4

asking for is completed against my will." Docket No. 1, p. 10. Ms. Christian does not explain in what way either of these actions (appearing in court or "adding to the perm plan"), which the Court accepts as true for the purposes of this Motion, violates her rights. The mere fact that these Defendants appeared in court, without further information, cannot support a claim for relief. Indeed, any claim against Ms. Middaugh or Ms. Davis based upon their testifying in court cannot proceed, as it is covered by the absolute immunity granted to testifying witnesses. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009), *citing Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999). The District Judge in this case has previously held that "[t]he claims against these defendants based on their being testifying witnesses at a court hearing must be dismissed." Docket No. 4, p. 7.

Regarding her allegations that these Defendants added to the perm plan, Ms. Christian's Complaint is similarly bare. She neither describes nor attaches the "perm plan," and does not allege what the plan comprised, what was added to it, when the alleged additions took place, or how the additions harmed her (aside from being done against her will). These are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*. 550 U.S. at 547. In her Response in Opposition, Ms. Christian does not even mention Ms. Middaugh, Ms. Davis, or CASA, or discuss their alleged actions. *See* Docket No. 13.

Additionally, aside from alleging that "[e]ach of the defendants used their state appointed titles to violate several of my civil rights," the Complaint contains no information that would allow the Court to find that these Defendants are state actors. *See* Docket No. 1. "Section 1983 erects no shield against merely private conduct, however discriminatory of wrongful." *Holley v. Deal*, 948 F. Supp. 711, 714 (M.D. Tenn. 1996), *citing Mineo v. Transp. Mgmt. of Tenn., Inc.*, 694 F. Supp. 417, 423 (M.D. Tenn. 1988). It is instructive that at least one court in this Circuit has found

5

that CASA workers are not state actors for the purposes of § 1983 claims. *Billock v. Wyandot Cnty. Children's Servs.*, No. 3:07 CV 234, 2007 U.S. Dist. LEXIS 32704, 2007 WL 1306598 (N.D. Ohio May 3, 2007). Further, this Court has analogously found that court-appointed guardians ad litem are not state actors for that purpose. Holley, 948 F. Supp. at 715-16. Here, Ms. Christian has simply failed to plead enough facts to establish that these CASA workers are state actors. Even if she had, it is quite likely that her claims against them would be subject to dismissal based on quasi-judicial immunity. *See Cooper v. Parrish*, 203 F.3d 937, 950 (6th Cir. 2000); *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001). While quasi-judicial immunity does not protect individuals, who engage in conduct exceeding the scope of a judicial order, Ms. Christian has not alleged enough facts to permit an inference that these Defendants engaged in such conduct.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss filed by Ms. Middaugh, Ms. Davis, and CASA (Docket No. 10) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**