# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TONYA CHRISTIAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00133 |
| ) | Judge Richardson/Frensley |
| SHONDA REYNOLDS-CHRISTIAN, et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Tonya Christian, proceeding pro se, brought this action under 42 U.S.C. § 1983, alleging that various individuals violated her civil rights, specifically, "[t]he right to direct the upbringing of my son or to care for him," and "my freedom of speech." Docket No. 1, p. 3. She further alleges that "[e]ach of the defendants used their state appointed titles to violate several of my civil rights: 1st, 4th, 6th, 7th, 8th, 9th, [and] 14th." *Id.* at 8. The events leading to this action allegedly relate to the removal of Ms. Christian's son from her home and custody following an altercation at his school involving the school principal. *Id.* at 14-17. Ms. Christian asserts that in March 2016, a DCS worker came to her home and searched it based on "allegations," and in April 2016, DCS workers came to her home and removed her son. *Id.* at 8. Ms. Christian named a total of fifteen individual Defendants, including a juvenile court judge and various employees of the Tennessee Department of Children's Services ("DCS"), including Chelsea Wade and

Caitlyn Febles. *Id.* at 3. This matter is now before the Court upon a Motion to Dismiss filed by Ms. Wade and Ms. Febles ("DCS Defendants"). Docket No. 15. They have also filed a Supporting Memorandum of Law. Docket No. 16. The DCS Defendants argue that the claims against them should be dismissed because: 1) the Court lacks subject matter jurisdiction under the doctrine of sovereign immunity and the domestic-relations exception; 2) the DCS Defendants were not properly served; and 3) Ms. Christian has failed "to state any claim against the DCS Defendants." *Id.* at 1-2. Ms. Christian has not responded to the Motion. For the reasons set forth below, the Court recommends that the DCS Defendants' Motion be GRANTED.

## II. LAW AND ANALYSIS

### A. Failure to Respond

As noted above, Ms. Christian has not responded to the DCS Defendants' Motion to Dismiss. The Court construes the failure to respond to the Defendants' arguments as a waiver of whatever responsive arguments Ms. Christian might have had. *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived,") *citing Resnick v. Patton*, 258 F. App'x 789 (6th Cir. 2007). *See also* M.D. Tenn. Local Rule 7.01(a)(3) ("If a timely response is not filed, the motion shall be deemed to be unopposed . . . ."). Nevertheless, since granting Defendants' Motion would be a final disposition of the case, the Court will review the matter for legal sufficiency. *See Maynard v. Hale*, No. 3:11-cv-1233, 2012 U.S. Dist. LEXIS 114136 at *3, 2012 WL 3401095 (M.D. Tenn. Aug. 14, 2012).

B. **Subject Matter Jurisdiction**

   1. **Generally**

When there is a question as to whether the court has subject matter jurisdiction, it must be resolved, even if it is not raised by a party. *See Answers in Genesis, Inc., v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994); *see also Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

   2. **Attacks on Subject Matter Jurisdiction**

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the complaint; in considering the motion, the court must accept the material allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.*; *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court can

weigh the evidence in order to satisfy itself as to the existence of its jurisdiction to hear the case. *Ritchie*, 15 F.3d at 598; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). The DCS Defendants contend that this case falls within the domestic relations exception to federal jurisdiction. Docket No. 16, p. 3-4. Thus, they make a factual attack on jurisdiction.

### 3. The Domestic Relations Exception to Federal Jurisdiction

Under the domestic relations exception, federal courts are precluded from exercising jurisdiction over cases whose substance is primarily domestic relations. *Chambers v. Michigan*, 473 F. App'x 477, 478 (6th Cir. 2012); *citing Barber v. Barber*, 62 U.S. 582, 584, 16 L. Ed. 226 (1858). This exception to federal jurisdiction "is supported by sound policy considerations." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206 (1992).

> Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Id.* at 703-04.

In deciding whether the domestic relations exception applies, "[i]t is incumbent upon the district court to sift through the claims of the complaint to determine the true character of the dispute to be adjudicated." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1216 (6th Cir. 1981).

4

Here, it is apparent that the thrust of Ms. Christian's Complaint is that the removal of her son from her custody was wrongful and should be reversed. Docket No. 1, p. 11-17. Ms. Christian avers that her son was removed because he was involved in an altercation at school that included "assault on the principal" where, Ms. Christian agrees, "[h]e was wrong for hitting her." *Id.* at 14. Following that removal, Ms. Christian maintains that she and her son "completed every step" but that he has not been returned to her custody. *Id.* at 11. She objects to the fact that "[d]rugs are not the reason for him being in custody, but is made a big issue." *Id.* While she does ask for "everyone involved to pay for the trauma" and for the child support she has paid to be returned, her primary goal is "[j]ust to be able to finish raising my son," and that is her first-stated requested relief. *Id.* at 12.

Interference with a state court child custody decree generally is not within the jurisdiction of the federal courts. *See Ankenbrandt*, 504 U.S. at 703 (concluding "that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, or child custody decrees"); *Catz v. Chalker*, 142 F.3d 279, 292 (6th Cir. 1998). Rather, state courts have exclusive jurisdiction over these matters. *Ankenbrandt*, 504 U.S. at 703-04; *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). Ms. Christian's request for return of custody (and return of child support payments) falls squarely within the domestic relations exception to federal court subject matter jurisdiction, for the policy reasons discussed above. This Court is not the proper forum for a review of the Tennessee state court child-removal proceedings in this matter.

### 4. **Ms. Christian's Claims for Damages Against the DCS Defendants**

To the extent that Ms. Christian seeks damages from the DCS Defendants, her claims fall outside the domestic relations exception. *See Hooks v. Hooks*, 771 F.2d 935, 942 (6th Cir. 1985) ("Adjudication of the alleged civil rights violation to the extent it seeks damages does not require

5

the court to exercise jurisdiction over or resolve any of those state law matters within the scope of the domestic relations exception"). However, in this case such claims do implicate the doctrine of sovereign immunity under the 11th Amendment to the United States Constitution.

Ms. Christian has sued the DCS Defendants in their official capacity. Docket No. 1, p. 3. In complaints alleging civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355, n.4 (6th Cir. 2000), *citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985); *see also Frost v. Hawkins Cnty. Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As discussed above, the DCS Defendants are employees of DCS, a state agency; therefore, Ms. Christian's claims against them in their official capacity are claims against the state of Tennessee.

Suits against the states implicate the doctrine of sovereign immunity. "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662, 94 S. Ct. 1347 (1974). 42 U.S.C. § 1983 does not abrogate the states' sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304 (1989); *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991). Neither has Tennessee waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a); *Berndt v. Tennessee*, 796 F.2d 897, 881 (6th Cir. 1986). Therefore, Ms. Christian's claims against the DCS Defendants should be dismissed to the extent that they seek money damages.

## III. CONCLUSION

To the extent that Ms. Christian seeks modification or reversal of a Tennessee state court custody decree or federal review of Tennessee state court child-removal proceedings, this Court lacks subject matter jurisdiction under the domestic relations exception. Additionally, the State of Tennessee is immune to suit for money damages in this context. For the foregoing reasons, the undersigned recommends that the Motion to Dismiss filed by the DCS Defendants (Docket No. 15) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge